UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY GEORGE WOOD, JR., <br><br> Plaintiff, <br><br> v. <br><br> COLLEEN A. HARTL, <br><br> Defendant. | Case No. C17-1835-JLR-JPD <br><br> REPORT AND RECOMMENDATION |

On December 6, 2017, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) He subsequently submitted to the Court for consideration an application to proceed with this action *in forma pauperis*. (Dkt. 5.) Plaintiff alleged in his complaint that the attorney he had retained to represent him in his criminal case, Colleen Hartl, rendered ineffective assistance. Plaintiff, who is no longer represented by Ms. Hartle, set forth an extensive list of counsel's alleged deficiencies, including that counsel failed to meet with him regularly, failed to file necessary motions, and failed to investigate or collect evidence. Plaintiff requested damages in the amount of $170,000. He also requested that Ms. Hartl be made to go before an ethics board and that she be reprimanded for her inadequate representation of plaintiff.

REPORT AND RECOMMENDATION - 1

On January 4, 2018, the Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed.  (Dkts. 7, 8.)  On the same date, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable ground for relief.  (Dkt. 9.)  The Court explained in its Order to Show Cause that in order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  (*See id*. at 2, citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).)  The Court further explained that the United States Supreme Court has made clear that neither private attorneys nor public defenders are considered state actors for purposes of bringing suit under § 1983.  (*See id*., citing *Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).)  The Court noted that Ms. Hartl, a private attorney, was not subject to suit in this § 1983 action in view of the Supreme Court's decision in *Polk*.

On January 23, 2018, plaintiff filed a timely response to the Order to Show Cause in which he again details Ms. Hartle's deficiencies, and argues that Ms. Hartle's ineffectiveness violated his rights under the Sixth and Fourteenth Amendments.  (Dkt. 11.)  While plaintiff may be able to pursue claims related to Ms. Hartle's alleged ineffectiveness and/or misconduct through other avenues, such as the state courts or the Washington State Bar Association, the fact remains that Ms. Hartle is not a proper defendant and plaintiff has therefore failed to state a viable claim for relief in this § 1983 action.

REPORT AND RECOMMENDATION - 2

When a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B).  Because plaintiff failed to identify a viable defendant in his complaint, and therefore failed to state a cognizable claim for relief, this Court recommends that plaintiff's complaint and this action be dismissed, with prejudice, pursuant to § 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **March 6, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 9, 2018.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this <u>13th</u> day of February, 2018.

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3